FRANK GIOIA, Respondent, *v.* METROPOLITAN LIFE
INSURANCE COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, November,
. 1916.)

Insurance (life) — action upon policy of — fraud — estoppel — false
statement contained in application.

> Where on the trial of an action upon a policy of insurance
> on the life of plaintiff's mother who could neither read nor
> write nor speak English, it appeared that after the applica-
> tion, which by section 58 of the Insurance Law is made a part
> of the policy, had been filled out by the medical examiner of
> defendant it was at his request signed by the insured by " X "
> without being read to her, and further that she made truthful
> answers to all questions and neither committed nor intended
> to commit any fraud, the jury was justified in finding that she
> made no false answers to questions asked of her by the medical
> examiner, and defendant is estopped from defending the action
> because of certain alleged false statements in the application
> as knowledge acquired by defendant's examiner was imputable
> to the company.

APPEAL by defendant from a judgment of the
Municipal Court of the city of New York, borough
of Bronx, second district, in favor of the plaintiff;
also from order denying defendant's motion to set
aside the verdict and for a new trial.

Butcher, Tanner & Foster (James N. Luttrell, of
counsel), for appellant.

Bernard J. Isecke, for respondent.

GUY, J. This action is brought to recover insurance
moneys on a life insurance policy taken out on the
life of the mother of the beneficiary.

The answer alleges fraud in that in the application
for insurance, which, by section 58 of the Insurance
Law, is made part of the policy, the assured had

falsely stated, in answer to the printed questions contained in the application blank, that she had never had cancer and had never been in a hospital, although she had been operated on for cancer about six months before making said application and had remained in the hospital for twenty days after said operation.

Defendant called as a witness the medical examiner of defendant, who testified that at the time of the making of the application he had examined the assured, and asked her the questions contained in the printed blank application and had truthfully recorded her answers thereto, and that he had specifically asked her whether she had ever had cancer or had ever been in a hospital, and she had answered in the negative. To meet this allegation plaintiff called three witnesses who were present at the time of said medical examination, who testified that the medical examiner of the defendant did not ask many of the questions set forth in the application and incorrectly recorded the answers thereto, although the questions had not been asked the assured; that truthful answers were made by the assured to all the questions which were asked her by the medical examiner; that the medical examiner did not ask the assured whether she ever had cancer or had ever been in a hospital; that the assured could not read or write and could not speak English; that after the application had been filled out by the medical examiner it was not read to her, but that at the request of the medical examiner she had signed it with a cross. On this evidence the jury were fully justified in finding that the assured never made false answers to the questions asked of her by the medical examiner of the defendant, and that in signing the application, which she was unable to read, she had relied upon the correct recording of her answers

by the agent of the defendant, and never intended to and did not, as matter of fact, make any false representations as to any of the facts set forth in said application. On this state of fact the rule applies as laid down in *Sternaman* v. *Metropolitan Life Ins. Co.*, 170 N. Y. 13, where the court held (Vann, J., writing the opinion) that " We think it is established by the weight of authority in this state that the medical examiner is the agent of the insurer in making the examination, taking down the answers and reporting them to the company; that his knowledge, thus acquired, his interpretation of the answers given, and his errors in recording them, are the knowledge, interpretation and errors of the company itself, which is estopped from taking advantage of what it thus knew and what it had thus done when it issued the policy and accepted the premiums." See, also, *Grattan* v. *Metropolitan Life Ins. Co.*, 80 N. Y. 282.

The cases cited by the appellant are not applicable, being cases where the uncontradicted evidence showed that false answers to the questions set forth in the application blank were knowingly made by the assured with intent to defraud. In the case at bar the evidence establishes convincingly that the assured made truthful answers to all questions asked of her, neither committed nor intended to commit any fraud, but, if a fraud was committed, the jury have found that it was committed by the agent of the defendant company in taking advantage of the inability of the assured to read and write by recording in the application blank false statements which had not in fact been made by the assured, and by inducing her to sign the application blank in the belief that he had correctly recorded her answers to the questions therein contained. The fraud alleged having been committed not by the assured but by the defendant company through its

agent, the company cannot avail itself of its own fraud and invalidate the policy where it has collected the premiums thereon and enjoyed the full benefits of its contract.    The judgment should be affirmed, with twenty-five dollars costs.

BIJUR, J., concurs.

SHEARN, J. (concurring).    In the case of *Sternaman* v. *Metropolitan Life Ins. Company,* 170 N. Y. 13, the application was separate from the policy and remained in the possession of the insurance company. In this case, pursuant to section 58 of the Insurance Law, as amended subsequently to the decision in the *Sternaman* case (Consol. Laws, chap. 28, § 58; Laws of 1906, chap. 326, § 16), the application was a part of the contract, and a copy of it, constituting the entire contract, was in the possession of the insured.    The real difficulty in the case is whether the retention of the contract of insurance containing the alleged falsified answers constituted an approval by the insured of the application and of its statements, for if it did constitute an approval the assured became a participant in the alleged fraud committed against the insurance company and the consequences of that approval could not after his death be avoided. *New York Life Ins. Co.* v. *Fletcher,* 117 U. S. 519, 534.    *A fortiori,* the beneficiary could not assert in an action founded upon the contract of insurance, a part of which was the application signed by the insured, that the answers therein set forth were not made.    This rule, however, should not apply where it appears that the insured could not read or write.    The basis of the rule is that the insured must be presumed to have become acquainted with the contents of the application that remained in the possession of the insured and is, therefore, estopped.    But

there should be no such presumption in a case where the insured could not read or write. Accordingly, full force must be given to the estoppel against the insurance company from taking advantage of the fraud of its agent. I, therefore, vote for affirmance.

Judgment affirmed, with costs.